THE PHŒNIX INSURANCE COMPANY V. BELLE
WASHINGTON *et al.*
No. 14,266.   (81 Pac. 461.)
SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT — *Misjoinder* — *Objection Waived.*
The plaintiffs brought an action on a policy of insurance
covering personal and real property. It was disclosed on
the trial that one of them had no interest in the personal
property, and the other no interest in the real estate. It
also appeared that the insurance company was informed of
these facts before the action was begun. After the evidence
had all been introduced the defendant requested permission
to amend its answer and plead the misjoinder of the parties
plaintiff, which was refused. *Held,* that under the circum-
stances the court did not abuse its discretion.

Error from Franklin district court; CHARLES A.
SMART, judge. Opinion filed July 7, 1905. Affirmed.

*Reed, Yates, Mastin & Howell,* for plaintiff in error.
*Benson & Harris,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.: This action was brought on a policy of
insurance issued to Belle Washington and P. A. Web-
ster insuring two frame residences situated in the
city of Ottawa, and the furniture in one of the resi-
dences, against loss by fire. The residence containing
the furniture was destroyed. Mrs. Washington and
Mrs. Webster brought their action on this policy.

It developed during the trial that Mrs. Washington
was the owner of the real estate, and had no inter-
est whatever in the personal property, and that Mrs.
Webster was the owner of the personal property, and
had no interest whatever in the real estate. When
the evidence had all been introduced the defendant
asked permission to amend its answer and set up the
facts thus disclosed, which was refused. Thereupon

the court rendered a joint judgment for the plaintiffs for the full amount of the policy, and $100 as attorney's fees.

The plaintiff in error makes the following assignments of error: (1) The refusal to permit it to amend its answer; (2) that the judgment for attorney's fees was excessive; (3) that there was a misjoinder of plaintiffs.

Granting leave to amend a pleading pending a trial is largely within the discretion of the trial judge. It appears from the evidence in the record that immediately after the insured property was destroyed the defendant's adjuster called on Mrs. Webster to ascertain the extent of the loss, and was then informed by her that she owned the personal property and Mrs. Washington owned the real estate and that the latter lived in California. He then requested Mrs. Webster to get a power of attorney from her and the claims would be settled. The power of attorney was procured as requested, appointing Mrs. Webster agent to settle with the company for the loss in the house. The power of attorney was delivered to the company before the action was begun. The company had, therefore, full knowledge of the interest each of the plaintiffs had in the insured property. With this knowledge it should have raised the question of misjoinder by answer. It cannot be said that the court abused its discretion in refusing to permit defendant, after going through the trial, so to amend its answer and allege new matter that was within its knowledge when it filed its answer. If there was a misjoinder the defendant could waive it and try the cause, and that appears to be what it did. Again, it does not appear that the defendant made any application to the court to render separate judgments or that any objections were made to the rendition of a joint judgment.

It is contended that the amount allowed for attorney's fees was excessive; that such amount was so

largely disproportionate to the amount in controversy in the action as to be conclusive on this question. The amount in controversy is only one of the circumstances that the court may take into consideration in determining the value of legal services rendered in any case. The preparations made necessary by the nature of the litigation, the length of the trial, the experience and ability of the counsel employed on both sides of the controversy and other facts that arise in the trial are quite as important in determining the value of attorney's fees as the amount in controversy. Many of the things that go to make up the entire sum of the trial court's information on such subjects are not in the record and could not all be presented to this court. Judging as nearly as we may from the record, the attorney's fees allowed do not appear to be excessive.

The judgment is affirmed.

All the Justices concurring.